F. J. MUMM CONTRACTING COMPANY, Plaintiff, *v.* VIL-
LAGE OF KENMORE, Defendant.

(Supreme Court, Erie Trial Term, July, 1918.)

Contracts — provisions of, for building sewer — meaning of " working
days."

> Where a contract dated October 19, 1916, for the building of
> a sewer provides that the work shall be commenced within ten
> days after the contract is signed, and completed on or before
> the expiration of one hundred working days, the term " working
> days " means days when the work of excavating for and the
> construction of the sewer could reasonably be expected to pro-
> ceed, weather conditions considered.

TRIAL before the court without a jury.

Frank M. Spitzmiller, for plaintiff.

Fred J. Blackmon, for defendant.

POOLEY, J.   This is a trial before the court, without
a jury, and preliminarily it is deemed advisable to
determine the meaning of the term " working days "
as used in the contract between the parties hereto.

The contract is dated October 19, 1916, providing
for the building of a sewer, the work to be commenced
within ten days after signing the contract, and com-
pleted on or before the expiration of one hundred
working days. A penalty of ten dollars per day is
charged after the time stated.

Plaintiff contends that the term " working days "
means days when the work could be done properly,
weather conditions considered; and defendant con-
tends that it means calendar days, Sundays and holi-
days excepted.

One hundred calendar days (Sundays and holidays excepted) from the date of the contract would carry the time to February 13, 1917. The contract was completed April 29, 1917.

No determination is found in the courts of this state as to the meaning of the term '' working days,'' but 'generally speaking it means the days occupied in employment as distinguished from holidays and Sundays. This, however, is not conclusive, because in some lines of business it is disregarded. Night shifts are common in many occupations, so that the meaning of the term must be the *time* employed within twenty-four hours, whether day or night. In maritime law it has two meanings. While at sea all days are alike regardless of holidays or Sundays, because in the very nature of the business seamen are on duty and subject to call at all times. But when in port, holidays and Sundays are in many cases respected, because the work of loading and unloading depends upon the usages of men ashore (*Hagerman* v. *Norton,* 105 Fed. Repr. 996), but weather conditions are usually not considered. In *Houghe* v. *Woodruff,* 19 Fed. Repr. 136, however, it was held that working days allowed for unloading did not include rainy days, in the unloading of a cargo of salt. It is seen, therefore, that no general rule can be adopted, and that consideration should be given to the circumstances surrounding a given case. Following these suggestions I am of the opinion that in the present case the term '' working days '' means days when the work of excavating for and the construction of a sewer could be reasonably expected to proceed, weather conditions in this severe winter climate being considered.

Judgment accordingly.